IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MIKE YELLEN, | ) | CIVIL NO. 12-00519 SOM-KSC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING PETITION WITH |
| | ) | LEAVE TO AMEND; ORDER DENYING |
| vs. | ) | AS MOOT APPLICATION TO PROCEED |
| | ) | WITHOUT PREPAYMENT OF FEES |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DISMISSING PETITION WITH LEAVE TO AMEND; ORDER DENYING AS MOOT APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES**

**I.     INTRODUCTION.**

On September 18, 2012, Plaintiff Mike Yellen filed a Petition for Writ of Mandate and Declaratory Relief ("Petition"), asserting that the United States Postal Service ("Postal Service") has violated his constitutional right to mail service and Title 39 of the United States Code by (1) failing to deliver mail to his residence, (2) failing to provide him with a free post office box, and (3) failing to provide him with a cluster box near his residence. Yellen also filed an Application to Proceed Without Prepayment of Fees ("Application"). The court dismisses Yellen's Petition and denies as moot the Application.

**II.     BACKGROUND.**

Yellen's Application indicates that he has been unemployed since 2000, has $100.00 in assets, receives "state food stamps" and does not own an automobile or anything else of value. Application, ECF No. 7 at 1.

Yellen's Petition states that he lives in Keaau, Hawaii, and that the Postal Service does not deliver mail to his address. See Petition, ECF No. 1 ¶¶ 2, 4. Yellen alleges that he requested mail service, but was informed that he must join a wait list to obtain either a cluster box or post office box[1] for free mail delivery. See id. ¶ 4. He notes that his sister on the Big Island has been on a wait list for a cluster box near her home for the past five years. Id. Thus, Yellen alleges, he may have to wait indefinitely, or at least several years, to receive free mail service. See id.

Yellen asserts that he has a constitutional right to free mail service under article I, section 8, clause 7 of the United States Constitution, and under the Equal Protection Clause of the Fourteenth Amendment. Yellen also asserts that the Postal Service is obligated to provide him with free mail service under Title 39 of the United States Code. Yellen seeks a declaration that the Postal Service has violated his constitutional right to free mail delivery and seeks a writ of mandamus commanding the

---

[1] Postal Service customers may qualify for Group E (free) post office box service at a post office if their physical address meets all of the following criteria: (a) the physical address is within the geographic delivery zip code boundaries administered by a post office; (b) the physical address constitutes a potential carrier delivery point of service; and (c) the Postal Service does not provide carrier delivery to a mail receptacle at or near a physical address. See Domestic Mail Manual D508.4.6.2 (Oct. 1, 2012).

Postal Service to immediately provide him with free mail delivery service.

**III.    ANALYSIS.**

To proceed in forma pauperis, Yellen must demonstrate that he is unable to prepay the court fees, and his Petition must be sufficient to survive dismissal.  See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (applying in forma pauperis requirements to nonprisoners).  Although Yellen appears unable to prepay court fees, his Petition is not sufficient to survive dismissal.

        A.    Yellen's Application Demonstrates That He Is Unable to Prepay Court Fees.

Under 28 U.S.C. § 1915(e), the court must subject every in forma pauperis proceeding to mandatory screening and order the dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); Lopez, 203 F.3d at 1126–27 (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim).

For purposes of establishing an inability to prepay court fees, "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the

3

necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted).

Yellen's Application reflects that he receives "state food stamps" and has $100.00 in assets, but has no income and does not own any real estate, stocks, bonds, securities, other financial instruments, automobiles, or anything else of value. Application at 1-2. Based on the information provided in the Application, the court finds that Yellen has demonstrated that he is unable to prepay court fees. Nevertheless, the court denies the Application as moot because the court dismisses the Petition.

    B.   Yellen's Petition Fails to State a Claim on Which Relief May Be Granted.

The Petition fails to state a claim on which relief may be granted. The writ of mandamus no longer exists in federal court procedure. Finley v. Chandler, 377 F.2d 548 (9th Cir. 1967); Fed. R. Civ. P. 81(b) ("The writs of scire facias and mandamus are abolished. Relief previously available through them may be obtained by appropriate action or motion under these rules."). Under 28 U.S.C. § 1651, however, courts may issue writs necessary or appropriate in aid of their respective jurisdictions, including writs in the nature of mandamus. Finley, 377 F.2d at 548. A writ in the nature of mandamus compels an administrative officer to do a nondiscretionary administrative act. Id. Such relief may be granted only if, before adoption of Rule 81(b), the remedy of mandamus would have

Case 1:12-cv-00519-SOM-KSC   Document 8   Filed 10/31/12   Page 5 of 10     PageID #: 31

been available.  Haggard v. State of Tenn., 421 F.2d 1384, 1385 (6th Cir. 1970) (citing Petrowski v. Nutt, 161 F.2d 938 (9th Cir. 1947)).

The Supreme Court describes the writ of mandamus as an extraordinary remedy reserved for exceptional circumstances. Cheney v. U.S. Dist. Court for Dist. of Columbia, 542 U.S. 367, 380 (2004).  Three conditions must be satisfied before it may issue.  Kerr v. United States Dist. Court for N. Dist. of Cal., 426 U.S. 394, 403 (1976).  First, "the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires."  Id.  Second, the petitioner must satisfy "the burden of showing that [his] right to issuance of the writ is clear and indisputable."  Id. (quoting Bankers Life & Cas. Co., 346 U.S. 384 (1953)).  Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.  Id. at 403 (citing Schlagenhauf v. Holder, 379 U.S. 104, 112, n.8 (1964)).

Yellen does not show that a writ of mandamus is appropriate for this action, and, even if he did, his pleadings fall short of stating any claim.  Under Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), pleadings must allege enough facts to state a claim to relief.  Id. at 570 ("We do not require heightened fact pleading of specifics, but only enough facts to

state a claim to relief that is plausible on its face."). Accord Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for all civil actions."). Conclusory allegations alone do not supply facts adequate to show illegality. Twombly, 550 U.S. at 556.

Yellen argues that he has a constitutional right to free mail delivery service under article I, section 8, clause 7 of the United States Constitution, and the Equal Protection Clause of the Fourteenth Amendment. He also argues that the Postal Service is obligated to provide him with free mail service under Title 39 of the United States Code. Yellen's pleadings, however, provide insufficient factual bases for these claims.

      1.    Article I, Section 8, Clause 7 of the United States Constitution Does Not Grant Yellen a Constitutional Right to Free Mail Service.

Article I, section 8, clause 7 of the United States Constitution gives Congress the power "[t]o establish Post Offices and post Roads." U.S. Const. art. I, § 8, cl. 7. This provision does not give any individual a constitutional right to residential mail delivery, a cluster box, or a free post office box.

      2.    Yellen Fails to Allege Adequate Facts to Support an Equal Protection Right to Free Mail Service.

Yellen also claims a constitutional right to free mail delivery service under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. That

6

clause provides, "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1. The Equal Protection Clause is generally applicable to agencies of the United States government, such as the Postal Service, through the Fifth Amendment. See Currier v. Potter, 379 F.3d 716, 738 (9th Cir. 2004) (citing Bolling v. Sharpe, 347 U.S. 497 (1954)).

Yellen argues that, by providing free mail delivery service to only some residents in Hawaii, the Postal Service violates his equal protection right to free mail delivery service. The Equal Protection Clause, however, "does not require absolute equality or precisely equal advantages," San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 24 (1973); nor does it require the State to "equalize economic conditions." Griffin v. Ill., 351 U.S. 12, 23 (1956). It neither guarantees that all individuals will be treated in precisely the same manner, nor that all benefits will be available to those unable to afford them.

Even if Yellen has a fundamental right to receive mail, "there is no right to receive mail at the most convenient location; nor is there a right to receive a no-fee mailbox in which to receive mail." Currier v. Henderson, 190 F. Supp. 2d 1221, 1230 (W.D. Wash. 2002), aff'd sub nom. Currier v. Potter, 379 F.3d 716 (9th Cir. 2004). It is not enough for Yellen to

allege that others in Hawaii receive free mail service. To state an equal protection claim, a plaintiff must allege that the defendant acted with an intent or purpose to discriminate against him based upon membership in a protected class. See Lee v. City of L.A., 250 F.3d 668, 686 (9th Cir. 2001) (describing the equal protection standard governing 42 U.S.C. § 1983 actions).[2] Alternatively, a plaintiff may allege that he has been singled out as a "class of one," but must show that the defendant intentionally treated him differently from other similarly situated customers without a rational basis. See Gerhart v. Lake Cnty., 637 F.3d 1013, 1022 (9th Cir. 2011) (citing Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)).

        3.    Yellen Fails to Assert an Actionable Claim for the Postal Service's Alleged Statutory Violations.

Finally, Yellen argues that the Postal Service is obligated to provide him with free mail delivery service under Title 39 of the United States Code. He refers to section 403, stating that the Postal Service has a responsibility to "provide types of mail service to meet the needs of different categories of mail and mail users," and shall "serve as nearly as practicable the entire population of the United States." 39

---

[2] Of course, Yellen need not assert constitutional violations by the Postal Service using the vehicle of 42 U.S.C. § 1983. Section 1983 applies to state and local officials. Federal officials, while not covered by § 1983, may be sued directly for alleged constitutional violations pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

8

U.S.C. § 403.  Yellen also cites the Postal Service Policy, which states:

> The Postal Service shall have as its basic function the obligation to provide postal services to bind the Nation together . . . It shall provide prompt, reliable, and efficient services to patrons in all areas . . . The Postal Service shall provide a maximum degree of effective and regular postal services to rural areas, communities, and shall provide a maximum degree of effective and regular postal services to rural areas, communities, and small towns.

39 U.S.C. § 101.

These broad policy statements do not by their terms create any private right of action against the Postal Service. It is therefore unclear on what basis Yellen is claiming that he may sue the Postal Service for alleged Title 39 violations.

This court dismisses the Petition but gives Yellen leave to file an Amended Complaint, so long as he either pays the appropriate filing fee or submits a new application to proceed without prepayment of fees.

**IV.     CONCLUSION.**

The court DISMISSES Yellen's Petition with leave to file an amended complaint.  In light of this dismissal, the court DENIES as moot Yellen's Application to Proceed Without Prepayment of Fees.

IT IS SO ORDERED.

DATED: Honolulu, October 31, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

**Yellen v. United States Postal Service, Civil No. 12-00519 SOM-KSC; ORDER DISMISSING PETITION WITH LEAVE TO AMEND; ORDER DENYING AS MOOT APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES**