IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MIKE YELLEN, | ) | CIVIL NO. 12-00519 SOM-KSC |
| | ) | |
| Plaintiff, | ) | ORDER TO SHOW CAUSE WHY AMENDED |
| | ) | PETITION SHOULD NOT BE |
| vs. | ) | DISMISSED FOR FAILURE TO STATE |
| | ) | A CLAIM ON WHICH RELIEF MAY BE |
| UNITED STATES POSTAL SERVICE, | ) | GRANTED |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER TO SHOW CAUSE WHY AMENDED PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED**

On January 15, 2013, Plaintiff Mike Yellen filed a Petition for Writ of Mandate and Declaratory Relief ("Amended Petition"), asserting that the United States Postal Service ("Postal Service") has violated his constitutional right to mail service and Title 39 of the United States Code. Yellen also filed an Application to Proceed Without Prepayment of Fees.

The court now orders Yellen to show cause why the Amended Petition should not be dismissed in light of what appears to be Yellen's failure to state a claim on which relief may be granted.

On September 18, 2012, Yellen filed a Petition for Writ of Mandate and Declaratory Relief ("Original Petition") against the Postal Service for its failure to provide Yellen with mail delivery service. The Original Petition alleged that Yellen requested residential delivery, cluster box delivery, or a no-fee

post office box, but that he was put on an indefinite waiting list for these services.  The Original Petition argued that (1) Yellen has a constitutional right to mail delivery under article I, section 8, clause 7 of the United States Constitution, and the Equal Protection Clause, and (2) the Postal Service violated Title 39 of the United States Code when it failed to provide Yellen with the mail service he requested.

This court dismissed[1] the Original Petition on grounds that (1) article I, section 8, clause 7 of the United States Constitution does not guarantee Yellen's right to mail delivery, and Yellen did not sufficiently demonstrate a violation of his rights under the Equal Protection Clause, and (2) Yellen failed to assert an actionable claim for the Postal Service's alleged Title 39 violations.

It does not appear to this court that the Amended Petition cures the deficiencies of the Original Petition.

---

[1] Yellen submitted an Application to Proceed Without Prepayment of Fees with his Original Petition.  To proceed in forma pauperis, Yellen's Petition must be sufficient to survive dismissal.  See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).

Under 28 U.S.C. § 1915(e), the court must subject every in forma pauperis proceeding to mandatory screening and order the dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); Lopez, 203 F.3d at 1126-27 (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim).

Although the Amended Petition includes a discussion of the Postal Service's history and policies and challenges this court's interpretation of case law, the relevant allegations of the Amended Petition are not materially different from those in the Original Petition.

Therefore, this court directs Yellen to file a statement of no more than 1,500 words explaining why the Amended Petition should not be dismissed.  Yellen should explain how the Amended Petition cured the deficiencies in the Original Petition, and discuss the facts and/or law, whether new or preciously provided, to this court, that support his claims.  In particular, Yellen must: (1) clearly state and quote the constitutional or statutory language providing the basis for his purported right to the requested mail services, (2) demonstrate, for purposes of his Equal Protection claim, that the Postal Service intentionally treated him differently from other similarly situated customers without a rational basis, and (3) address whether he attempted to obtain a post office box for a fee, and, if so, what result followed.

The statement must be filed by February 7, 2013, and shall not include any attached materials.  Failure to submit a timely statement shall result in the automatic dismissal of the Amended Petition.  This court will rule on the renewed Application to Proceed Without Prepayment of Fees after it

receives the statement, or the statement filing deadline has passed.

       IT IS SO ORDERED.

       DATED: Honolulu, January 16, 2013.



       /s/ Susan Oki Mollway
       Susan Oki Mollway
       United States District Judge

**Yellen v. United States Postal Service, Civil No. 12-00519 SOM-KSC; ORDER TO SHOW CAUSE WHY AMENDED PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED**