IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MIKE YELLEN, | ) | CIVIL NO. 12-00519 SOM-KSC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING SECOND AMENDED |
| | ) | PETITION FOR WRIT OF MANDATE |
| vs. | ) | AND DECLARATORY RELIEF |
| | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DISMISSING SECOND AMENDED PETITION
FOR WRIT OF MANDATE AND DECLARATORY RELIEF**

**I.      INTRODUCTION.**

On September 18, 2012, Plaintiff Mike Yellen filed a Petition for Writ of Mandate and Declaratory Relief ("Original Petition") against the United States Postal Service ("Postal Service") for its alleged failure to provide Yellen with free mail delivery service in violation of his constitutional rights and Title 39 of the United States Code. See ECF No. 1. Yellen also filed an Application to Proceed Without Prepayment of Fees ("Application"). See ECF No. 7. This court dismissed the Original Petition because it failed to state a claim upon which relief could be granted ("Order to Dismiss"). See ECF No. 8. The Court granted Yellen leave to amend his Petition and denied his Application as moot. Id.

On January 15, 2013, Yellen filed an Amended Petition for Writ of Mandate and Declaratory Relief ("Amended Petition") that contained many of the same arguments set forth in the

Original Petition.  See ECF No. 12.  Yellen again filed an Application.  See ECF No. 11.  The court issued an Order To Show Cause Why Amended Petition Should Not Be Dismissed for Failure To State a Claim on Which Relief May Be Granted ("Order to Show Cause").  See ECF No. 13.

After considering Yellen's response to the Order to Show Cause, ECF No. 16, this court dismissed the Amended Petition with leave to file a second amended petition, again denying the Application as moot.

On June 17, 2013, Yellen filed a Second Amended Petition for Writ of Mandate and Declaratory Relief ("Second Amended Petition").  See ECF No. 24.  On July 3, 2013, Yellen filed another Application.  See ECF No. 28.  Having screened the Second Amended Petition, the Court dismisses the Second Amended Petition with prejudice and denies the Application as moot.

**II.      BACKGROUND.**

Yellen lives in a residence in Keaau, Hawaii, and has asked the Postal Service to provide him with residential delivery, cluster box delivery, or a no-fee post office box for his mail.  See ECF No. 24, ¶ 1-2.  Yellen alleges that the Postal Service put him on an indefinite wait list for those services, noting that his sister on the Big Island has been on a wait list for a cluster box near her home for the past five years.  Id. ¶ 4.

Yellen's Original Petition argued that (1) Yellen has a constitutional right to mail delivery under article I, section 8, clause 7 of the United States Constitution, and the Equal Protection clause, and (2) the Postal Service violated Title 39 of the United States Code when it failed to provide Yellen with the mail service he requested. ECF No. 1.

This court dismissed the Original Petition because: (1) article I, section 8, clause 7 of the United States Constitution does not guarantee a right to mail delivery, and Yellen did not sufficiently demonstrate a violation of his Equal Protection rights; and (2) Yellen failed to assert an actionable claim for the Postal Service's alleged Title 39 violations. See ECF No. 8. In its order, the court granted Yellen leave to file an amended petition. Id.

On January 15, 2013, Yelled filed an Amended Petition that did not cure the deficiencies of the Original Petition. See ECF No. 12. Although the Amended Petition included a discussion of the Postal Service's history and policies, challenged the court's interpretation of case law, and could be construed to additionally assert a First Amendment claim, its allegations were not materially different from the Original Petition. The court therefore issued its Order to Show Cause. See ECF No. 13.

Yellen's Response to the Order to Show Cause contained the same substantive arguments as the Amended Petition, but

included some additional facts.  Yellen stated for the first time that the Postal Service had denied his request for a <u>paid</u> post office box when it informed him that he would be placed on a wait list for such service.  ECF No. 16.  He did not, however, include allegations suggesting how this alleged denial of a paid post office box amounted to a violation of his Equal Protection rights.  The Response also stated that Yellen currently receives mail at his sister's place of business.  <u>Id.</u> at 2.  This court dismissed the Amended Petition but gave Yellen leave to file a second amended petition based on the allegation that the Postal Service had unfairly denied his request for a <u>paid</u> post office box, in violation of the Equal Protection Clause.  <u>See</u> ECF No. 17.

**III.    ANALYSIS**

To proceed in forma pauperis, Yellen must demonstrate that he is unable to prepay the court fees, and that his Second Amended Petition sufficiently pleads claims.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000) (applying in forma pauperis requirements to nonprisoners).  Although Yellen appears unable to prepay court fees, his Second Amended Petition does not sufficiently plead a claim.

      **A.    Yellen's Application Demonstrates That He Is
           Unable to Prepay Court Fees.**

For purposes of establishing an inability to prepay court fees, "an affidavit is sufficient which states that one

cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted).

Yellen's expenses include rent in the amount of $1,450.00 per month, which is paid for by friends and family. Yellen also spends $200.00 to $300.00 per month on electric bills. The Application states that Yellen has $50.00 in assets, but has no income and does not own any real estate, stocks, bonds, securities, other financial instruments, automobiles, or anything else of value. The court finds that Yellen has demonstrated that he is unable to prepay court fees. Nevertheless, the court denies the Application as moot because the court dismisses the Second Amended Petition.

      **B.    Yellen's Second Amended Petition Fails to State a Claim on Which Relief May Be Granted.**

Pursuant to 28 U.S.C. § 1915(e), the court subjects every in forma pauperis proceeding to mandatory screening and orders the dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez, 203 F.3d at 1126-27 (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim).

The court dismisses Yellen's Second Amended Petition because it fails to state a claim upon which relief may be granted. The Second Amended Petition does not materially differ from the prior Amended Petition. In fact, there are only two changes: (1) the Second Amended Complaint substitutes "conceivability" for "conservabley [sic]," and (2) the Second Amended Petition substitutes "receive mail" in place of "have his mail delivered to him in providing a mail delivery to his resident, provide a cluster box, or provide a free post office box." ECF No. 24 ¶¶ 4, 8. Those changes are insufficient to cure the deficiencies outlined in the Order Dismissing the First Amended Petition.

The court dismisses the Second Amended Complaint with prejudice because granting further leave to amend would be futile. "[L]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." <u>Balisteri v. Pacifica Police Dep't</u>, 901 F.2d 696, 701 (9th Cir. 1988). Yellen has had multiple chances to state a valid cause of action. Given his failure to do so after multiple attempts, the court concludes that allowing further leave to amend would be futile.

**IV.     CONCLUSION**

The court dismisses Yellen's Second Amended Petition with prejudice. Despite multiple attempts, Yellen's failure to articulate viable claims demonstrates the futility of allowing

further amendment of those claims.  The court also denies as moot Yellen's Application to Proceed Without Prepayment of Fees.

      IT IS SO ORDERED.

      DATED: Honolulu, July 11, 2013.



      /s/ Susan Oki Mollway
      Susan Oki Mollway
      United States District Judge

**Yellen v. United States Postal Service**, Civil No. 12-00519 SOM-KSC; ORDER DISMISSING SECOND AMENDED PETITION FOR WRIT OF MANDATE AND DECLARATORY RELIEF